## Case No. 12,652.

### SEMMES v. LEE.

[3 Cranch, C. C. 439.] [1]

Circuit Court, District of Columbia. May Term, 1829.

PLEADING AT LAW—ACCOUNT—WAIVER.

If one of the counts be "for matters properly chargeable in account, according to an account therewith filed," according to the Maryland practice; and there be no account filed, and non assumpsit be pleaded to all the counts, the plaintiff may give evidence upon that count: the defendant by his plea having waived the objection to the same.

Indebitatus assumpsit, 1st, for matters properly chargeable in account, "as by a particular account thereof, herewith into court exhibited, appears;" but no account was therewith exhibited. 2d. General indebitatus assumpsit for goods, wares, and merchandise sold and delivered. 3d. Quantum meruit for goods, &c. sold and delivered. 4th. The common money counts; and 5th. Insimul computasset.

The plaintiff offered evidence that the defendant boarded and lodged at the plaintiff's house six months. The defendant objected that that evidence did not support either of the counts. And of that opinion was THE

COURT (MORSELL, Circuit Judge, dissenting).

The plaintiff then offered an account in evidence, and proved that it had been for a considerable time in the defendant's possession, and that in a conversation between the witness and the defendant, he did not object to the items of the account, except that he was charged daily board for part of the time, when he ought to have been charged for yearly board only; and that the prices were too high.

Mr. Redin, for plaintiff, contended that this account was evidence upon the insimul computasset, and on the count for goods sold and delivered, and upon the count for matters properly chargeable in account.

THE COURT (nem. con.) was of opinion that it did not support the count upon insimul computasset, but that it was evidence upon the count for goods sold and delivered, so far as it consisted of charges of that kind; and also (CRANCH, Chief Judge, contra) that it was evidence upon the first count for matters properly chargeable in account.

CRANCH, Chief Judge, was of opinion that no evidence could be admitted upon the first count, because it was an imperfect count,—the matters chargeable in account not being in any manner specified,—no account having been exhibited with the declaration; and that it was not competent for the plaintiff to supply the defect after the jury was sworn.

MORSELL, Circuit Judge, was of opinion that the objection to the first count came too late. It ought to have been taken advantage of by demurrer; and that the plea of non assumpsit, being general to all the counts, the objection was to be considered as waived; and that it was competent to the plaintiff to give, under that count, evidence of any matter properly chargeable in an account. And that to the objection of surprise, for want of notice, it was a sufficient answer to say, that the account now offered in evidence was delivered to the defendant, and remained some time in his possession.

Verdict for the plaintiff. A motion for a new trial was made and overruled; THE COURT being of opinion that substantial justice had been done.